**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

THE MARY A II, LLC,

       Debtor.

Case No. 11-40693-LMK

Chapter 11 Case

_____/

## DEBTOR'S PLAN OF REORGANIZATION

**August 29, 2011**

**BERGER SINGERMAN**
Attorneys for Debtor
Brian G. Rich
125 South Gadsden Street, Suite 300
Tallahassee, FL  32301
Telephone:  (850) 561-3010
Facsimile:  (850) 561-3013
Email:  *brich@bergersingerman.com*

The Mary A II, LLC, the Debtor in this case (the "Debtor" or the "Proponent"), proposes the following Plan of Reorganization pursuant to 11 U.S.C. §1121:

ARTICLE 1    <u>Definitions</u>

As used in this Plan, the following terms shall have the respective meanings set forth below, and such meanings shall be equally applicable to the singular and plural forms of the terms defined unless the context requires otherwise.

<u>Actions or Causes of Action</u>

All actions that a trustee or debtor-in-possession is empowered to bring pursuant to 11 U.S.C. Sections 542-553 of the Code (as hereinafter defined), and any other cause of action, lawsuit, adversary proceeding, contested matter, claim objection, or right of the Debtor or the Estate against any Person.

<u>Administrative Claim</u>

A Claim for payment of an administrative expense under Section 503 of the Code that is entitled to priority under Section 507(a)(1) of the Code and any fees or charges assessed against the Estate pursuant to 28 U.S.C. 1930.

<u>Administrative Claimant</u>

The holder of an Administrative Claim.

<u>Allowed Amount</u>

With respect to a Claim, (a) the amount of a Claim that was listed in the Debtor's Schedules (as originally filed in the Case) as not disputed, contingent or unliquidated, if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, or (b) if a holder of a Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules:  (i) the amount stated in such proof of claim or in the Schedules if no objection to such proof of claim or amount listed in the Schedules has been interposed within the applicable period of limitation fixed by the Code or Rules, or as otherwise fixed by the Court, or (ii) such amount as shall be fixed by an order of the Court which has become a Final Order, if an objection has been interposed within the applicable period of limitation fixed by the Code, the Rules, or the Court, or (c) with respect to a Fee Request, such amount as shall be fixed by an order of the Court which has become a Final Order.  In no event shall the Allowed Amount of any Priority Claim or Unsecured Claim include interest accrued on such Claim after the Filing Date.

<u>Allowed Claim</u>

Any Claim which is not a Disputed Claim for which an Allowed Amount has been finally determined in such or any portion thereof, Allowed Amount.  Any such claim shall be an Allowed Claim as to the undisputed portion or amount.  The Allowed Amount of each Secured Claim shall not include, pursuant to Section 506(b) of the Code, interest on such Claim, and any reasonable fees, costs, or charges provided for under the agreement(s) under which such Claim arose incurred as a result of any breach or default, act or omission occurring through the Effective Date or by reason of the Plan, Confirmation or Substantial Consummation.

<u>Allowed Interest</u>

Any Interest which has not been timely disputed, or if timely disputed, which has been allowed by order of the Court which has become a Final Order.

<u>Article</u>

One of the numbered Articles of the Plan.

<u>Assets</u>

All of the right, title and interest of the Debtor in and to property of any type or nature.

<u>Business Day</u>

A day other than a Saturday, a Sunday or a day on which commercial banks in Tallahassee, Florida are authorized or required to close.

<u>Case</u>

This Chapter 11 Case No. 11-        -LMK pending in the United States Bankruptcy Court for the Northern District of Florida.

<u>Claim</u>

(a) A right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed or contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; (c) without limiting the generality of the foregoing, all Administrative Claims, Priority Claims, Secured Claims and Unsecured Claims.

<u>Class</u>

A group of Claims or Interests classified together pursuant to Article 2 of the Plan.

<u>Class 1</u>

The Secured Claim of Spur Ranch Enterprises, LLC as successor in interest to Federal Trust Bank.

<u>Class 2</u>

The Noteholder Claims

<u>Class 3</u>

Allowed General Unsecured Claims (or any successor of such claims).

<u>Class 4</u>

Allowed claims of Equity Holders of the Debtor.

<u>Code</u>

The Bankruptcy Code, 11 U.S.C. Section 101 et. seq.

<u>Confirmation</u>

The entry by the Court of the Confirmation Order.  .

<u>Confirmation Hearing</u>

A hearing held by the Court on confirmation of the Plan pursuant to Section 1128 of the Code.

<u>Confirmation Order</u>

The order entered by the Court confirming the Plan, which shall contain such provisions as the Proponent desires and shall otherwise be in form and substance satisfactory to the Proponent.

<u>Court</u>

The United States Bankruptcy Court, Northern District of Florida, including any Bankruptcy Judge thereof and any court having competent jurisdiction to hear appeals from the Bankruptcy Judges thereof.

<u>Creditor</u>

Any Person holding a Claim or Interest, including Administrative Claimants and Claims of the kind specified in Sections 502(b), 502(h) and 502(i) of the Code, and such Person's heirs, successors, assigns, executors and personal representatives.

<u>Debtor or Debtor in Possession</u>

The Mary A II, LLC.  Any reference in the Plan to the "Debtor" shall also include the Debtor in its capacity as debtor in possession in the Case, and vice versa.

<u>Disclosure Statement</u>

The Disclosure Statement filed by the Proponent in connection with the Plan and approved by the Court for submission to Creditors as the same may be amended from time to time.

<u>Disputed Amount</u>

With respect to a particular Disputed Claim, that amount which is equal to the difference, if any, between the Face Amount of such Claim and the amount, if any, of such Claim which the party objecting thereto concedes.

<u>Disputed Claim</u>

Any Claim for which an Allowed Amount has not yet been determined and with respect to which an objection has been interposed on or prior to the Confirmation Date or such other date as may be fixed by the Court.

<u>Effective Date</u>

The tenth day after the Confirmation Order becomes final.

<u>Estate</u>

The estate created in the Case pursuant to Section 541 of the Code.

<u>Executory Contract</u>

A contract or unexpired lease to which Debtor is a party and that is executory within the meaning of Section 365 of the Code.

<u>Face Amount</u>

With respect to a particular Claim, (a) if the holder of such Claim has not filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount of such Claim that was listed in the Schedules (as originally filed in the Case) as not disputed, contingent or unliquidated; or (b) if the holder of such Claim has filed a proof of claim with the Court within the applicable period of limitation fixed by the Court pursuant to Rule 3003(c)(3) of the Rules, the amount stated in such proof of claim, or (c) with respect to a Fee Request, the net amount to which the applicant would be entitled if its application were to be granted in full.

Fee Request

An application or request for payment by the Estate of fees, compensation for services rendered or reimbursement of expenses, pursuant to Rule 2016 of the Rules or other applicable provision of the Code or the Rules.

Filing Date or Petition Date

August 29, 2011, the date the Debtor filed its Chapter 11 petition with the Court.

Final Order

An order or judgment of the Court as entered on the docket that has not been reversed, stayed, modified or amended, and respecting which the time to appeal, petition for certiorari or seek reargument, review or rehearing has expired and as to which no appeal, reargument, petition for certiorari, review or rehearing is pending or as to which any right to appeal, reargue, petition for certiorari or seek review or rehearing has been waived in writing in a manner satisfactory to the Proponent, or, if any appeal, reargument, petition for certiorari, review or rehearing thereof has been denied, the time to take any further appeal or to seek certiorari or further rehearing, review of reargument has expired.

If any provision of the Plan requires the entry of a Final Order as a condition to the occurrence or performance of an act, Proponents may jointly waive such requirement.

Lien

A charge against or interest in any item of Property of the Estate to secure payment of a debt or performance of an obligation.

Mitigation Credits or Credits

The Debtor's rights in the approximately 937.69 mitigation credits approved and permitted by the St. Johns River Water Management District and 847.92 mitigation credits approved and permitted by the U.S. Army Corps of Engineers.

Noteholders

Entities or individuals that are the holders of certain Series A and Series B Notes issued by the Debtor.

Ordinary Course Administrative Claims

Administrative Claims for the provision of goods or services that are incurred by the Debtor in the ordinary course of business.

Person

Any individual, sole proprietorship, partnership (general or limited), joint venture, trust, unincorporated organization, association, corporation, institution, entity or government (whether

federal, state, county, city, municipal or otherwise, including, without limitation, any instrumentality, division, agency, body, political subdivision or department thereof).

<u>Plan</u>

This Plan of Reorganization in the present form or as it may be modified, amended or supplemented from time to time.

<u>Priority Claim</u>

A Claim (other than an Administrative Claim) that is entitled to priority under Section 507 of the Code.

<u>Priority Tax Claim</u>

A Claim (other than an Administrative Claim) that is entitled to priority under Section 507(a)(8) of the Code.

<u>Property</u>

The approximate 2,068 acres of real property in Brevard County Florida owned by the Debtor.

<u>Pro Rata</u>

Proportionately, so that the ratio of the amount of consideration distributed on account of a particular Allowed Claim to the Allowed Amount of such Claim is the same as the ratio of the amount of consideration distributed on account of all Allowed Claims of the Class in which the particular Claim is included to the amount of all Allowed Claims of that Class. Whenever a Disputed Claim has not been finally resolved, an appropriate reserve for payment of such Disputed Claim shall be established so that there will be sufficient monies available to make a Pro Rata distribution to the holder of such Disputed Claim upon final resolution of the dispute.

<u>Property of the Estate</u>

The property defined in Section 541 of the Code and any other property right or interest of the Debtor.

<u>Proponent</u>

The Debtor.

<u>Rules</u>

The Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure and/or the Local Rules of the Court.

Rules of Construction and Interpretation

The following rules of construction shall be applicable for all purposes of the Plan unless the context clearly requires otherwise:

(a)    The terms "include", "including" and similar terms shall be construed as if followed by the phrase "without being limited to".

(b)    Words of masculine, feminine or neuter gender shall mean and include the correlative words of the other genders, and words importing the singular number shall mean and include the plural number, and vice versa.

(c)    All article, section and exhibit or appendix captions are used for convenience and reference only and in no way define, limit or describe the scope or intent of, on in any way affect, any such article, section, exhibit or appendix.

Schedules

The schedules of assets and liabilities originally filed by the Debtor with the Court and not as the same may be amended from time to time.

Section

A numbered subsection of any Article of the Plan (for example, this numbered subsection of Article 1 of the Plan would be referred to as Section 1.52).

Secured Claim

A Claim secured by a lien on property in which the Estate has an interest or that is subject to set-off under Section 553 of the Code to the extent of the value of the interest attributable to such Claim in the Estate's interest in such property or to the extent of the amount subject to set-off.

Secured Creditor

The holder of a Secured Claim.

Spur Ranch

Spur Ranch Enterprises, LLC as successor in interest to Federal Trust Bank

Substantial Consummation

Following the occurrence of Confirmation, the date that the first dividend is distributed to creditors.

Unsecured Claim or General Unsecured Claim

A Claim other than a Secured Claim, a Priority Claim or an Administrative Claim.

Unsecured Creditor

The holder of an Unsecured Claim.

ARTICLE 2    Classification, Treatment and Impairment of Claims and Interests

2.01    Class 1 – Spur Ranch Enterprises, LLC

(a)    Description. Class 1 consists of the Secured Claim of Spur Ranch in the approximate amount of $5.2 Million, allegedly secured by a first Lien on the Property. This Claim is disputed.

(b)    Treatment. The holder of the Allowed Class 1 Claim shall retain its lien on the Property and be paid 4% interest, interest only payments for 2 years, with principal and interest payments commencing in year 3 based upon a 20 year amortization and a 3 year balloon payment thereafter  (5 year total term).   Additionally, as Credits are sold, Spur Ranch shall receive 75% of all proceeds to be applied to the Class 1 debt as principal reductions. The Debtor anticipates that Spur Ranch will receive in excess of $4 Million in principal reductions prior to the end of 2012.   Upon such principal pay downs, the debt shall be reamortized and payments adjusted accordingly. The Debtor reserves the right to challenge all or a portion of the Class 1 Claim, specifically any alleged default interest.

(c)    Impairment. Class 1 is impaired.

2.02    Class 2 – Noteholder Claims

(a)    Description.  Class 2 consists of the Note Holder Claims in the approximate aggregate amount of $2.0 Million.

(b)    Treatment.  Each holder of an Allowed Class 2 Claim shall be paid quarterly payments (commencing the first quarter after the Effective Date) based upon 4% interest, interest only payments for 2 years, with principal and interest payments commencing in year 3 and a 3 year balloon payment (total 5 year term).   Class 2 Note Holders shall be paid from the sale proceeds of Credits, after the payments to Spur Ranch or upon additional funding raised or issued by the Reorganized Debtor, if necessary.

2.03    Impairment.  Class 2 is impaired

2.04    Unsecured Claims

(a)    Description. Class 3 consists of Claims of Unsecured Creditors.

(b)    Treatment.  Each holder of an Allowed Class 3 Claim shall receive payment of 50% on the Effective Date and 50% on the one-year anniversary of the Effective Date, plus interest at the Prime Rate as established by the Wall Street Journal.

(c)    Impairment. Class 3 claims are impaired.

2.05    Class 4 – Equity Security Holders

(a)    Description.  Class 4 consists of the membership interests of the Debtor.

(b)    Treatment.  The holder of the Allowed Class 4 Interests shall retain their membership interests on account of such Interests.

(c)    Impairment.  Class 4 is not impaired.

2.06    Agreement to Less Favorable Treatment

Any Creditor may agree to less favorable treatment than is provided for such Creditor in the Plan.  The obligations of the Debtor under this Plan may be prepaid in full or in part without penalty.

2.07    Satisfaction of Claims

The treatment of and the consideration received by the holders of the Claims and Interests pursuant to this Article 2 of the Plan shall be in full satisfaction, release and discharge of their respective Claims against or Interests in the Debtor and the Estate.

ARTICLE 3    Means For Implementation and Post-Confirmation Operations of the Reorganized Debtor

3.01    Sale of Credits.

As set forth in the Disclosure Statement, the Debtor generates revenue through the sale Credits.   The Debtor will continue to sell Credits to fund the payments as set forth in the Plan and to pay for typical and necessary operating expenses of the Debtor, including maintenance obligations at the Property.     There is a pending sale of 28 District Credits and 3.1 Army Corp of Engineers credits for a total of $1,119,500 ($35,000) per credit and The Debtor is in late stage negotiations with Brevard County for the sale of 50 Credits for the total price of $4,640,000.00.  The Debtor will continue its efforts to sell Credits and expects such Credits to occur.  Although the timing of additional sales is not known yet.  Additionally, the Debtor has the ability to raise up to $2 Million in equity or debt financing if such financing is required.  The Debtor anticipates it would take approximately 90 days to raise said funds and the priority or repayment terms would be dependent upon several factors.

3.02    Continuation of Business.  In accordance with, and subject to, the provisions of the Plan, the Reorganized Debtor shall continue to conduct the day-to-day operations of its business.     Necessary expenses for maintenance and marketing of Credits shall be paid in the ordinary course of business.

3.03    Initial Management of the Reorganized Debtor.  The Debtor contemplates continued management by the Debtor through James Rudnick for the necessary operation of the Reorganized Debtor's business.  The Disclosure Statement discloses the identity of affiliations of post-confirmation directors and officers, together with all other information required by section 1129(a)(5) of the Bankruptcy Code.

3.04   <u>Executive Compensation.</u>   The Disclosure Statement discloses that the compensation of the Reorganized Debtor's executive management shall remain consistent with compensation paid prior to the Effective Date. No Compensation shall be paid to Mr. Rudnick.

3.05.   <u>Causes of Action.</u>   Except as otherwise provided in the Plan and all Actions Action (including Avoidance Actions) shall automatically be retained and preserved and will revest in the Reorganized Debtor.   Pursuant to section 1123(b)(3)(B) of the Bankruptcy Code, the Reorganized Debtor shall retain and have the exclusive right to enforce and prosecute Actions against any Entity.   The Debtor or Reorganized Debtor do not anticipate the pursuit of any Avoidance Actions as the dividend to creditors will be 100%.

<u>3.06   Fee Requests</u>

All Persons entitled to make Fee Requests in the Case shall file their Final Fee Requests and shall cause such Fee Requests to be ruled on by the Court on or before the date of the Confirmation Hearing.

<u>3.07   Executory Contracts</u>

Any lease or executory contract not assumed by order of the Bankruptcy Court or by the terms of the Plan and Confirmation Order confirmed are rejected.

**Proofs of Claim for Rejected Agreements.  Unless otherwise provided by order of the Bankruptcy Court entered before the Confirmation Date, any Claim against the Debtor arising from the rejection of any executory contract or unexpired lease agreement under this Plan must be filed with the Bankruptcy Court within 30 days after the date the Order approving the rejection was entered or on the last date set by the Bankruptcy Court for other parties to file a Proof of Claim, whichever is longer.**

ARTICLE 4   <u>Unclassified Claims and Disputed Claims and Distributions</u>

4.01   <u>Administrative Claims</u>

The Allowed Amount of each Administrative Claim as allowed by order of the Court shall be paid in full in cash on the Effective Date, or upon such terms as the Debtor and the holders of such Claims may agree.   Ordinary Course Administrative Claims shall be paid in accordance with the terms of the contract or agreement between the Estate and any holder of such Claim and in accordance with the legal, equitable and contractual rights of such holder.

4.02   <u>Priority Tax Claims</u>

The unsecured Allowed Claims of governmental units for unpaid taxes, interest and assessments, if any, entitled to priority under Section 507(a)(8) of the Code shall be paid in full in cash on the Effective Date or over time as provided for in the Bankruptcy Code.

4.03   <u>Timing of Distribution</u>.   Except as set forth in the Plan, the distribution of Property will be made to Holders of Allowed Claims and Allowed Interests in accordance with

the Plan.  If a Claim is not an Allowed Claim as of the applicable, distributions will be made only if and when the Claim is Allowed.

4.04    Delivery of Distributions.  The Reorganized Debtor will make distributions to Holders of Allowed Claims and Interests at the addresses set forth on the Proofs of Claim, if any, filed by such Holders or at the last known addresses of such Holders.  If any such Holder's distribution is returned as undeliverable, no further distribution will be made to such Holder unless and until the Reorganized Debtor is notified of such Holder's then current address, at which time all missed distributions will be made to such Holder, without interest.

4.05    Cash Payments.  Cash payments to be made pursuant to this Plan shall be made by checks drawn on a domestic bank or by wire transfer from a domestic bank, at the option of the Reorganized Debtor.

4.06    Interest on Claims.  Unless otherwise specifically provided for in this Plan, the Confirmation Order, (or any documents in connection therewith) or required by applicable bankruptcy law, Post-Petition Date interest shall not accrue or be paid on Claims (other than Allowed Secured Claims), and no Holder of a Claim (other than Allowed Secured Claims) will be entitled to interest accruing on or after the Petition Date on any Claim.  Interest shall not accrue or be paid upon any Disputed Claim in respect of the period from the Petition Date to the date a Final Distribution is made thereon if and after such Disputed Claim becomes an Allowed Claim.

4.07    No De Minimus Distributions.  Other than in the Final Distribution, no payment of Cash in an amount of less than $10.00 shall be made on account of any Allowed Claim.  Such undistributed amount will instead be held in escrow and made as part of the Final Distribution, which will be paid to each creditor with an Allowed Claim, regardless of the amount of each dividend.

4.08    Failure to Negotiate Checks.  Checks issued in respect of distributions under this Plan shall be null and void if not negotiated within 60 days after the date of issuance.  Any funds returned by reason of non-negotiated checks shall be held by the Reorganized Debtor until such time as they qualify for unclaimed property, or if earlier, a request for reissuance is received by the Reorganized Debtor.  Requests for reissuance of any such check shall be made, in writing, directly to the Reorganized Debtor  by the Holder of the Allowed Claim with respect to which the check originally was issued.  If any checks remain uncashed or claimed for over 6 months, then the funds shall revert to the Reorganized Debtor

4.09    Compliance with Tax Requirements.  In connection with each distribution with respect to which the filing of an information return (such as an Internal Revenue Service Form 1099 or 1042) or withholding is required, the Reorganized Debtor shall file such information return with the Internal Revenue Service and provide any required statements in connection therewith to the recipients of such distribution or effect any such withholding and deposit all moneys so withheld as required by law.  With respect to any Person from whom a tax identification number, certified tax identification number or other tax information required by law to avoid withholding has not been received by the Reorganized Debtor within thirty (30) days from the date of such request, the Reorganized Debtor may, at its option, withhold the

amount required and distribute the balance to such Person or decline to make such distribution until the information is received.

4.10  No Payment or Distribution Pending Allowance.  All references to Claims and amounts of Claims refer to the amount of the Claim allowed by operation of law, Final Order of the Bankruptcy Court or this Plan.  Accordingly, notwithstanding any other provision in this Plan, no payment or distribution shall be made on account of or with respect to any Claim to the extent it is a Disputed Claim, unless and until the Disputed Claim becomes an Allowed Claim. No partial distributions will be made while an Objection is pending to part or all of a Claim.

4.11  Disputed Distribution.  If any dispute arises as to the identity of a Holder of an Allowed Claim who is to receive any distribution, the Reorganized Debtor may, in lieu of making such distribution to such Holder, make such distribution (or any amount estimated pursuant to section 502(c) of the Bankruptcy Code) into a segregated account until the disposition thereof shall be determined by Final Order of the Bankruptcy Court (or other court of competent jurisdiction) or by written agreement among the interested parties to such dispute.

4.12  Estimation of Disputed Claims.  To effectuate distributions pursuant to this Plan and avoid undue delay in the administration of the Estate, the Reorganized Debtor shall have the right, at any time, to seek an order of the Bankruptcy Court, after notice and a hearing (which notice may be limited to the Holder of such Disputed Claim and which hearing may be held on an expedited basis), estimating a Disputed Claim pursuant to section 502(c) of the Bankruptcy Code, irrespective of whether the Debtor or Reorganized Debtor has previously objected to such Claim or whether the Bankruptcy Court has ruled on any such Objection.  All of these Objection and resolution procedures are cumulative and not necessarily exclusive of one another.  In addition to seeking estimation of Claims, the Reorganized Debtor may resolve or adjudicate any Disputed Claim in the manner in which the amount of such Claim and the rights of the Holder of such Claim would have been resolved or adjudicated if the Chapter 11 Case had not been commenced, subject only to the terms of this Plan.  Claims may be subsequently compromised, settled, withdrawn or resolved by the Reorganized Debtor, pursuant to this Plan.

4.13  Resolution of Disputed Claims.  Subject to the conditions set forth in this Plan, the Reorganized Debtor will have the right (a) to request estimation of each such Claim, (b) to litigate any Objection to Final Order, (c) to settle or to compromise any Claim, or (d) to withdraw any Objection to any Claim (other than an Allowed Claim or a Claim that is deemed to be allowed pursuant to this Plan or a Final Order).  Pursuant to Local Rules, any objections to Claims shall be filed within 45 days prior to the Confirmation hearing, unless that date is extended by the Court.

4.14  Distributions in Complete Satisfaction.  The distributions and rights provided under this Plan will be in complete satisfaction and release, effective as of the Effective Date, of all Claims against and Interests in the Debtor' s Estate and all liens upon any Property of the Estate.  The Holders of liens satisfied and released under this Plan will execute and deliver, or cause to be executed and delivered, any and all documentation reasonably requested by the Reorganized Debtor evidencing the satisfaction, discharge and release of such liens.

ARTICLE 5    Effect of Confirmation

5.01    Terms Binding

Upon the Effective Date, all of the provisions of this Plan, including all appendices and other exhibits hereto, shall be binding on the Debtor, the Estate, all Creditors, and all other entities who are affected (or whose interests are affected) in any manner by the Plan.

5.02    Automatic Stay Provisions

The automatic stay provisions of Section 362 of the Bankruptcy Code shall remain in full force and effect until the Effective Date, provided, however, that such automatic stay shall remain in force as to Disputed Claims until a Final Order has been entered in respect of such Disputed Claims.

ARTICLE 6    Miscellaneous

6.01    Modifications to Plan Prior to Confirmation

At any time prior to the Confirmation Date, the Proponent may modify the Plan, but may not modify the Plan so that the Plan as modified fails to meet the requirements of Sections 1122 and 1123 of the Code.  If the Proponent files a modification with the Court, the Plan as modified shall become the Plan.

6.02    Modifications to Plan After Confirmation

At any time after the Confirmation Date, and before Substantial Consummation, the Proponent may modify the Plan but may not modify the Plan so that the Plan as modified fails to meet the requirements of Sections 1122 and 1123 of the Code.  The Plan as modified under this Section becomes the Plan only if the Court, after notice and a hearing, confirms such Plan, as modified, under Section 1129 of the Code.

6.03    Remedy of Defects

After the Effective Date, the Proponent may, with approval of the Court, and so long as it does not materially and adversely affect the interests of Creditors, remedy any defect or omission or reconcile any inconsistencies in the Plan or in the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan.

6.04    Jurisdiction of Bankruptcy Court

Except as is otherwise provided in the Confirmation Order, the Bankruptcy Court shall retain jurisdiction for the following purposes:

(a)    Classification of any Claim, reexamination of any Claim which has been allowed for purposes of voting, and determination of any objection filed to any Claim.  Failure to object to any Claim for the purpose of voting shall not be deemed to be a waiver of the right to object to the Claim in whole or in part.

(b)     Determination of all questions and disputes regarding the Plan, the Debtor or Property of the Estate and determination of all causes of action, controversies, disputes, or conflicts involving the Plan, any Creditor, the Debtor or Property of the Estate arising prior to or on the Effective Date whether or not subject to action pending as of the Confirmation Date including resolution of Disputed Claims.

(c)     Determination of all disputes arising after the Effective Date with respect to the interpretation of the Plan.

(d)     Determination of any Action.

(e)     Determination of any issue, violation, injunction, contempt, relief, or other proceeding as contemplated under Section 362 of the Bankruptcy Code.

(f)     Correction of any defect, curing of any omission of reconciliation of any inconsistency in the Plan or in the Confirmation Order as may be necessary or appropriate to carry out the purposes and intent of the Plan.

(g)     Modification of the Plan after the Confirmation Date pursuant to the provisions of the Plan, the Code and the Rules.

(h)     Interpretation of the Plan.

(i)     Entry of any order, including a mandatory injunction or restraining order, required to facilitate consummation of the Plan or to enable the Effective Date to occur; and reconsideration or vacation of the Confirmation Order in the event Substantial Consummation is rendered impossible.

(j)     Entry of a final decree closing the Case.

6.05     Withdrawal of the Plan.  The Debtor or Reorganized Debtor reserves the right, at any time prior to the Substantial Consummation of the Plan, to revoke or withdraw the Plan.  If the Plan is revoked or withdrawn or if Confirmation does not occur, the Plan shall be null and void and have no force and effect.  In such event, nothing contained herein shall be deemed to constitute a waiver or release of any Claim by or against the Debtor or any other Person or to prejudice in any manner the rights of the Debtor or any Person in any further proceedings involving the Debtor.

6.06     Final Order.  Except as otherwise expressly provided in the Plan, any requirement in the Plan for a Final Order may be waived by the Debtor or Reorganized Debtor upon written notice to the Bankruptcy Court.  No such waiver shall prejudice the right of any party in interest to seek a stay pending appeal of any order that is not a Final Order.

6.07   <u>Business Days.</u>   If any payment or act under the Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

6.08   <u>Severability.</u>   Should the Bankruptcy Court determine, prior to the Confirmation Date, that any provision of the Plan is either illegal on its face or illegal as applied to any Claim or Interest, such provision shall be unenforceable as to all Holders of Claims or Interests or to the specific Holder of such Claim or Interest, as the case may be, as to which the provision is illegal. Unless otherwise determined by the Bankruptcy Court, such a determination of unenforceability shall in no way limit or affect the enforceability and operative effect of any other provision of the Plan.  The Debtor reserves the right not to proceed with Confirmation or consummation of the Plan if any such ruling occurs.

6.09   <u>Governing Law</u>.  EXCEPT TO THE EXTENT THAT (i) THE BANKRUPTCY CODE OR BANKRUPTCY RULES OR OTHER FEDERAL LAWS ARE APPLICABLE, OR (ii) THE PROVISIONS OF ANY CONTRACT, INSTRUMENT, RELEASE, INDENTURE OR OTHER AGREEMENT OR DOCUMENT ENTERED INTO IN CONNECTION WITH THE PLAN PROVIDE THAT THE LAW OF A DIFFERENT JURISDICTION SHALL GOVERN, THE CONSTRUCTION, IMPLEMENTATION AND ENFORCEMENT OF THE PLAN AND ALL RIGHTS AND OBLIGATIONS ARISING UNDER THE PLAN SHALL BE GOVERNED BY, AND CONSTRUED AND ENFORCED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF FLORIDA, WITHOUT GIVING EFFECT TO CONFLICTS-OF-LAW PRINCIPLES WHICH WOULD APPLY THE LAW OF A JURISDICTION OTHER THAN THE STATE OF FLORIDA OR THE UNITED STATES OF AMERICA.

6.10   <u>Notices</u>.  Any notice required or permitted to be provided under the Plan shall be in writing and served:

> To the Debtor, c/o:
>
> **BERGER SINGERMAN, P.A.**
>
> Brian G. Rich, Esq.
>
> 125 S. Gadsden Street, Suite 300
>
> Tallahassee, Florida 32301
>
> Telephone:  (850) 561-3010
>
> Facsimile:  (850) 561-3013

6.11   <u>Filing of Additional Documents.</u>   On or before Substantial Consummation of the Plan, the Debtor or Reorganized Debtor shall issue, execute, deliver, and file with the Bankruptcy Court or record any agreements and other documents, and take any action as may be necessary or appropriate to effectuate, consummate and further evidence the terms and conditions of the Plan.

6.12    Time.  Unless otherwise specified herein, in computing any period of time prescribed or allowed by the Plan, the day of the act or event from which the designated period begins to run shall not be included.  The last day of the period so computed shall be included, unless it is not a Business Day, in which event the period runs until the end of next succeeding day that is a Business Day.  Otherwise, the provisions of Bankruptcy Rule 9006 shall apply.

6.13    Saturday, Sunday or Legal Holiday.  If any payment or act under this Plan is required to be made or performed on a date that is not a Business Day, then the making of such payment or the performance of such act may be completed on the next succeeding Business Day, but shall be deemed to have been completed as of the required date.

6.14    No Attorneys' Fees.  No attorneys' fees will be paid by the Debtor or Reorganized Debtor with respect to any Claim or Interest except as expressly specified herein or Allowed by a Final Order of the Bankruptcy Court.

6.15    Successors and Assigns.  The rights, benefits and obligations of any Person named or referred to in this Plan shall be binding on, and shall inure to the benefit of, any heir, executor, administrator, successor or assign of such Person.

6.16    Preservation of Rights of Setoff.  The Debtor may, but shall not be required to, set off against any Claim, and the payments or other distributions to be made pursuant to this Plan in respect of such Claim, claims of any nature whatsoever that the Debtor may have against the Holder of such Claims; but neither the failure to do so nor the Allowance of any Claim hereunder shall constitute a waiver or release by the Debtor of any such claim that the Debtor may have against such Holder.

6.17    No Injunctive Relief.  No Claim or Interest shall under any circumstances be entitled to specific performance or other injunctive, equitable or other prospective relief.

6.18    No Admissions.  Notwithstanding anything herein to the contrary, nothing contained in the Plan shall be deemed an admission by the Debtor with respect to any matter set forth herein, including, without limitation, liability on any Claim or Interest or the propriety of any classification of any Claim or Interest.

6.19    Entire Agreement.  The Plan sets forth the entire agreement and undertakings relating to the subject matter hereof and supersedes all prior discussions and documents.  The Debtor shall not be bound by any terms, conditions, definitions, warranties, understandings, or representations with respect to the subject matter hereof, other than as expressly provided for herein or as may hereafter be agreed to by the parties in writing.

6.20    Waiver.  The Debtor reserves its right, in its sole discretion, to waive any provision of the Plan to the extent such provision is for the sole benefit of the Debtor.

6.05    Savings Clause

Any minor defect or inconsistency in the Plan may be corrected or amended by the Confirmation Order.

6.06    Vesting of Assets.  On the Effective Date and except as otherwise provided in the Plan, all the Property of the Estate will vest in the Reorganized Debtor free and clear of any and all Liens, Claims, and other interests of every kind and nature, including causes of action and claims for relief on account and in respect of the provisions of sections 362, 505, 510, 542, 544, 545, 547, 548, 549, 550, and 553 of the Code and any causes of action or claims for relief existing under state or other federal law.  Pursuant to, among other authority, section 1123(b)(3)(B) of the Code, the Reorganized Debtor, for and on behalf of the Debtor's estate, shall have the power, authority and standing to prosecute, compromise or otherwise resolve such claims, with all proceeds derived therefrom, subject to the provisions of the Plan.  The Reorganized Debtor shall operate and manage the Debtor's property and make all distributions in accordance with the terms of the Plan.

6.07    No Admissions

The preparation and filing of this Plan and the Disclosure Statement were undertaken, in part, as a means of settling disputes among various parties in interest in the Case and is offered by the Proponent, in part, as an offer in compromise by the Proponent in the Plan to other parties in interest in the Case.  No statement or omission by Proponent in the Plan or the Disclosure Statement, including any statement concerning the estimated Allowed Amount of any Claim, shall preclude or estop the Proponent from objecting to any Claim, and no such statement or omission shall constitute, or be deemed to constitute, any type of admission, waiver or estoppel on the part of the Proponent, and nothing stated or unstated by the Proponent shall be admissible against the Proponent except in the hearings on the adequacy of the Disclosure Statement and the confirmation of the Plan.

6.08    Section 1146(a).  Pursuant to section 1146(a) of the Code, the making or delivery of an instrument of transfer under a plan confirmed in a chapter 11 bankruptcy case, may not be taxed under any state or local law imposing a stamp tax, transfer tax, or similar tax or fee. Refinancing or a sale of property is an essential part of this Plan. Therefore, pursuant to federal law under 11 U.S.C. § 1146(a), documents or instruments of transfer pertaining to a refinancing or sale  of the property that will inevitably require recording will be protected from otherwise applicable Florida law regarding the payment for documentary tax stamps.

ARTICLE 7    Notice of Intent to Request Cramdown

7.01    In the event that a sufficient number of holders of any impaired Class of Claims do not accept the Plan, the Proponent hereby gives notice that it will request, and does hereby request, confirmation of the Plan pursuant to 11 U.S.C. § 1129(b), commonly referred to as the "cramdown" provision of the Bankruptcy Code.  The Debtor hereby reserves the right to modify or vary the treatment of the Claims as to comply with 11 U.S.C. § 1129(b).

ARTICLE 8    Payment of US Trustee Fees

8.01    Notwithstanding any other provision of this Plan to the contrary, the Debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6), within ten (10) days from the entry of an order confirming this Plan, for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the

cash disbursements for the relevant period.  The Debtor, as a reorganized Debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. §1930(a)(6) for post-confirmation periods within the time period set forth in 28 U.S.C. §1930(a)(6), based upon post-confirmation disbursements made by the reorganized debtor, until the earlier of the closing of this case by the issuance of a final decree by the Bankruptcy Court, or upon the entry of an Order by the Bankruptcy Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the reorganized debtor shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

## CONFIRMATION REQUEST

The Debtor hereby requests confirmation of the Plan pursuant to section 1129(a) or, in the event that the Plan is not accepted by each of those Classes of Claims entitled to vote, section 1129(b) of the Bankruptcy Code.

BERGER SINGERMAN
Attorneys for Debtor
125 South Gadsden Street, Suite 300
Tallahassee, FL 32301
Telephone: (850) 561-3010
Facsimile: (850) 561-3013


By: /s/ Brian G. Rich
      Brian G. Rich
      Florida Bar No. 038229
      *brich@bergersingerman.com*


THE MARY A II, LLC

By: _____

Its: Managing Member